# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES ANTWON HORTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13CR284-1 |
| | ) | 1:16CV952 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Court (per now-retired United States District Judge James A. Beaty, Jr.) entered a Judgment memorializing Petitioner's consecutive prison sentences of 72 and 120 months, imposed after his guilty plea to interfering with commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery"), and to carrying and using, by discharging, firearms, during and in relation to a crime of violence (i.e., the Hobbs Act robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("Section 924(c)"). (Docket Entries 57, 98; see also Docket Entry 1 (Indictment); Docket Entry 44 (Plea Agt.); Minute Entry dated Oct. 23, 2013 (documenting Petitioner's guilty plea).)[1]  Petitioner did not

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case. Petitioner originally pleaded guilty without a plea agreement to the Hobbs Act robbery charge with the intent of proceeding to trial on the Section 924(c) charge (see Minute Entry dated Oct. 8, 2013), but later executed a Plea Agreement as to both charges (see Docket Entry 44 at 1-7) and pleaded guilty accordingly (see Minute Entry dated Oct. 23, 2013).

appeal (see Docket Entry 93, ¶ 8), but did file a form Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"), which he submitted to prison officials for mailing on June 19, 2016 (see id., Decl. ¶).

The Section 2255 Motion lists one "ground on which [Petitioner] claim[s] that [he is] being held in violation of the Constitution, laws, or treaties of the United States" (id., ¶ 12): "Due Process denial in light of Supreme Court's decision in Johnson/Welch made retroactively applicable." (Id., ¶ 12(Ground One); see also id., ¶ 12(Ground One)(a) ("Johnson v. U[nited] S[tates,  U.S.  ], 135 S. Ct. 2551 (2015); Welch v. U[nited] States,  U.S.  , 136 S. Ct. 1257] (2016) stating [sic] that [Petitioner's] Due Process Right were [sic] violated when the [C]ourt sentenced him under Ct. (2) [for the Section 924(c) offense]. The [p]redicate relied upon [was] Ct. (1) [which charged an offense under Section] 1951(a) & 2 [which] is a non-violent crime. The [I]ndictment failed to charge a federal offense. The underlying offense has to be violent to trigger a [Section] 924(c) violation.").)

"[P]ursuant to the General Order Governing Claims Related to Johnson . . ., the Office of the Federal Public Defender [wa]s appointed to represent [Petitioner] and the [Section] 2255 Motion [wa]s STAYED for a period of 45 days . . . to permit review by counsel." (Text Order dated July 27, 2016 (underscoring added).)

2

Following the expiration of that stay, the United States timely "move[d] to dismiss as untimely [the Section 2255 M]otion . . . ." (Docket Entry 106 ("Dismissal Motion") at 1; see also id. at 1-2 ("[T]his Court entered [Petitioner's J]udgment on March 28, 2014. [He] did not appeal, and his [J]udgment became final 14 days later at the expiration of the time to appeal. Because Petitioner first filed [the Section] 2255 [M]otion . . . more than one year after his [J]udgment became final, [the Section 2255 M]otion is untimely under [Section] 2255(f)(1). Further, . . . Petitioner's [Section 2255 M]otion does not fall within the scope of [Section] 2255(f)(3), which provides the only arguably available exception to the otherwise applicable one-year statute of limitations." (internal citations omitted)).)

In lieu of responding to the Dismissal Motion, Petitioner moved for a stay (see Docket Entry 116), which the Court (per the undersigned Magistrate Judge) granted, "pending a decision from the United States Supreme Court in Lynch v. Dimaya" (Text Order dated Nov. 10, 2016). The Court (per the undersigned Magistrate Judge) subsequently continued the stay, "pending the Fourth Circuit's decision[] in . . . United States v. Mathis, 16-4633(L)." (Text Order dated May 3, 2018; accord Text Order dated July 23, 2019.) Following the issuance of that decision, the parties jointly "request[ed] that this case be released from abeyance" (Docket

Entry 125 at 3), which request the Court (per the undersigned Magistrate Judge) granted (see Text Order dated Oct. 24, 2019).

Without regard to any merit the Dismissal Motion may have possessed at the time of its filing, a recent ruling from the Supreme Court effectively has rendered the Dismissal Motion moot. To begin, as set out above (and like many other defendants convicted of Section 924(c) crime-of-violence-related firearm offenses), Petitioner filed the Section 2255 Motion "seeking relief based on Johnson, in which the Supreme Court held that the 'residual clause' of 18 U.S.C. § 924(e)(2)'s definition of 'violent felony' [wa]s unconstitutionally vague," Dorsey v. United States, No. 1:99CR203-2, 1:16CV738, 2019 WL 3947914, at *1 (E.D. Va. Aug. 21, 2019) (unpublished) (internal citation and full case name omitted). Based on the language quoted above, the Court should construe the Section 2255 Motion as contending that Johnson's reasoning invalidates the similar "residual clause" portion of the definition of "crime of violence" under Section 924(c)(3), such that Petitioner's "[Section] 924(c) conviction should be vacated because the predicate offense no longer qualifies as a crime of violence," id. (internal parenthetical omitted)).

Consistent with the first premise of such a claim, "[o]n June 24, 2019, the Supreme Court held that the residual clause of [Section] 924(c)(3)'s definition of 'crime of violence' is also unconstitutionally vague." Id. (citing United States v. Davis,

4

U.S. \_\_\_, \_\_\_, 139 S. Ct. 2319, 2336 (2019)). That ruling precludes dismissal of the Section 2255 Motion on untimeliness grounds. In that regard, "under [Section] 2255(f)(3), courts will consider a petitioner's motion timely if (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from 'the date on which the right asserted was initially recognized by the Supreme Court,' and (3) the Supreme Court or th[e Fourth Circuit] has made the right retroactively applicable." United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017) (internal citation omitted) (quoting 28 U.S.C. § 2255(f)(3)). "Consequently, [the Court should] find Petitioner's [Section 2255 M]otion timely, . . . [if] it relies on a right recognized in *Johnson* or another more recent [retroactively applicable] Supreme Court case." Id. (internal quotation marks omitted) (emphasis added).

Here, the Court should deem the Section 2255 Motion's post-Johnson/pre-Davis challenge to his Judgment as now invoking Davis. See Carter v. United States, No. 16CV2184, 2019 WL 4126074, at \*4 (C.D. Ill. Aug. 29, 2019) (unpublished) ("find[ing] that [post-Johnson/pre-Davis] claim relie[d] on Johnson and Davis"); see also United States v. Dickerson, No. 3:09CR283, 2019 WL 3347175, at \*1 (E.D. Va. July 25, 2019) (unpublished) (describing "*Davis* []as the last *Johnson* domino to fall" (internal quotation marks omitted)).

5

The Court further should conclude that, because, in Welch, the Supreme Court "held that its decision in *Johnson* [] had announced a new substantive rule of constitutional law that applie[d] retroactively to cases on collateral review," United States v. Winston, 850 F.3d 677, 680 (4th Cir. 2017), "taken together, the Supreme Court's holdings in *Davis* and *Welch* 'necessarily dictate' that *Davis* has been 'made' retroactively applicable to criminal cases that became final before *Davis* was announced," In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019) (quoting Tyler v. Cain, 533 U.S. 656, 666 (2001)); accord United States v. Reece, 938 F.3d 630, 633-35 (5th Cir. 2019); United States v. Bowen, 936 F.3d 1091, 1097-1101 (10th Cir. 2019); Carter, 2019 WL 4126074, at *4-5; Miller v. United States, Crim. No. 2:04-96, Civ. No. 2:16-5829, 2019 WL 4386397, at *6 (S.D.W. Va. July 24, 2019) (unpublished), recommendation adopted, 2019 WL 4384142 (S.D.W. Va. Sept. 12, 2019) (unpublished). Given these considerations, the Court should not dismiss the Section 2255 Motion as untimely.

In addition, Davis establishes that Section 924(c)'s "residual clause is unconstitutionally vague and cannot be used to support [Petitioner's Section] 924(c) conviction. What remains is the question whether the predicate offense underlying . . . [his Section 924(c) conviction] qualifies as a 'crime of violence under

6

Case 1:13-cr-00284-LCB   Document 130   Filed 10/25/19   Page 6 of 7

[Section] 924(c)'s force clause.  If it so qualifies, [that] conviction remains valid . . . ."  Dorsey, 2019 WL 3947914, at *2.

The Court need not solicit briefing from the parties regarding that question, because – as their Joint Status Report acknowledges (see Docket Entry 125 at 2) – the Fourth Circuit "[has] conclude[d] that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."  United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).  Accordingly, as "it plainly appears from the [Section 2255 M]otion . . . and the record of prior proceedings that [Petitioner] is not entitled to relief, the [Court] must dismiss the [Section 2255 M]otion . . . ."  Rule 4(b), Rules Governing Section 2255 Proceedings ("Section 2255 Rules"); see also Lloyd v. United States, Nos. 1:12CR449-2, 1:16CV627, 2019 WL 4600211, at *1 (M.D.N.C. Sept. 23, 2019) (unpublished) ("find[ing] that [analogous] claim fail[ed] on the merits" in light of Mathis).

**IT IS THEREFORE RECOMMENDED** that the Dismissal Motion (Docket Entry 106) be denied as moot and that the Section 2255 Motion (Docket Entry 93) be dismissed pursuant to Section 2255 Rule 4(b), without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 25, 2019

7

Case 1:13-cr-00284-LCB    Document 130    Filed 10/25/19    Page 7 of 7